THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Caribe Chem Distributors, Corp.,

    Plaintiff,

    v.

Southern Agricultural Insecticides, Inc.,

    Defendant.

Civil No. 20-1547 (ADC)

## OPINION AND ORDER

Before the Court is plaintiff Caribe Chem Distributors Corporation's ("Caribe Chem") motion to remand to State Court. **ECF No. 9**. Defendant Southern Agricultural Insecticides, Inc. ("SAI") responded in opposition. **ECF No. 16.** Caribe Chem's reply followed. **ECF No. 26**. For the reasons below, Caribe Chem's motion to remand is **GRANTED**.

I.     Background[1]

In 2012, Puerto Rico-based wholesale chemical and industrial product distributor Caribe Chem entered into an agreement with SAI, a Floridian manufacturer and distributor of agricultural chemicals, pursuant to which Caribe Chem gained distribution rights – in Puerto Rico – to SAI's "Lawn and Garden; small packages" product line ("small packages line"). **ECF No. 1-1** at 2-3**.** The parties verbally agreed that said distributorship be exclusive. *Id.* at 3.

In April of 2015, Caribe Chem became aware that local distributor Superior Angran, LLC ("Superior Angran") was also dealing SAI products in Puerto Rico. *Id.* at 4. Upon notification,

---

[1] The factual background consists of allegations, not yet proven or admitted, made in Caribe Chem's complaint.

SAI informed Caribe Chem that its exclusive distribution rights were limited to the small packages line. *Id*. In June of 2018, SAI unilaterally divided distributorship of the small packages line between Caribe Chem and Superior Angran. *Id.* at 7.

Caribe Chem further alleges that Superior Angran delayed registering chemical products destined for Caribe Chem with Puerto Rico regulators, and spread rumors that SAI would be ceasing their business relationship with Caribe Chem. The complaint cites no events or damages postdating October 2018. *Id.* at 6-8.

Caribe Chem filed suit in State Court ("the State case") against SAI, Superior Angran and its president, Juan Antonio Angulo-Granda ("Angulo-Granda"),[2] on February 20, 2020. *Id*. Caribe Chem claimed that SAI breached the exclusivity agreement between the two parties by assigning distribution lines to Superior Angran, in contravention of The Puerto Rico Dealer's Act of 1964 ("Law 75"). *Id.* at 9-11; *see* P.R. Laws Ann. Tit. 10 § 278, *et seq*. Caribe Chem also affirmed that Superior Angran and Angulo-Granda (together, "diversity-defeating defendants") violated Article 1802 of the Puerto Rico Civil Code ("Article 1802") by intentionally interfering in the contractual relationship between Caribe Chem and SAI. *Id.* at 11-13; *see* P.R. Laws Ann. Tit. 31 § 5141.

On July 19, 2020, the diversity-defeating defendants moved to dismiss the State case, contending that Caribe Chem's claims against them were time-barred. **ECF No. 1-5** at 1-2. They

---

[2] Both Superior Angran and Angulo-Granda are residents of Puerto Rico for diversity purposes. They destroy the complete diversity that would otherwise exist between Caribe Chem and SAI.

argued that, at the latest, Caribe Chem's claims accrued in September of 2018. *Id.* Thus, given Article 1802's one-year prescriptive period, the window to raise any contractual interference claims had closed by the time the February 20, 2020 state complaint was filed. *Id.* Caribe Chem retorted, for the first time and via motion, that the company's closure in December 2019 was the final damage in a series of continuing, escalating damages. *Id.* Thus, in purportedly keeping with the local continuing damages doctrine, Caribe Chem alleged its claims accrued in December 2019. *Id.* The State Court rejected Caribe Chem's logic, agreed with the diversity-defeating defendants' argument regarding the prescriptive term, and entered partial judgment in Superior Angran and Angulo-Granda's favor on October 2, 2020, thereby dismissing the diversity-defeating defendants from the state case.[3] *Id.* at 27.

SAI filed a notice of removal on October 15, 2020, citing complete diversity pursuant to the state case partial judgment as the basis for federal jurisdiction, as per 28 U.S.C. § 1446. **ECF No. 1**. The state court accordingly entered an order declaring itself to be without jurisdiction in light of the notice of removal. Caribe Chem subsequently filed a motion for reconsideration, which the state court denied without more.[4]

Now, Caribe Chem moves to remand. **ECF No. 9**.

---

[3] The State Court held that Caribe Chem's Law 75 claims against SAI were not time-barred because that statute carries a three-year prescriptive period, and that Law 75 did not provide a cause of action against the diversity-defeating defendants. *Id.*

[4] That Caribe Chem has not filed an appeal in the state case is inapposite. The state court declared itself to be without jurisdiction upon the filing of SAI's notice of removal. As such, it can only follow that removal precluded (or, at the very least, interrupted) the filing of an appeal. To boot, Caribe Chem has at all relevant times engaged in a full-throated defense of its right to appeal the state court's partial judgment. Therefore, the dismissal and judgment were not yet final at the time of removal – and are still not, in this Court's view.

## II.     The Arguments

Caribe Chem argues that the case should be remanded to state court because SAI filed the notice of removal prematurely, given that that the state court's partial dismissal is still subject to reconsideration and appellate review. **ECF No. 9** at 5. Caribe Chem relies on what has been termed the voluntary/involuntary dismissal rule to posit that, because the dismissal of its suit against Superior Angran and Angulo-Granda was involuntary and court-imposed, the case against SAI did not become removable. *Id.* at 6. Finally, Caribe Chem avers that SAI waived its right to remove by filing a motion for extension of time to answer in the state case. *Id.* at 10.

SAI, in turn, holds that the voluntariness of the diversity-defeating defendants' dismissal is irrelevant because:

> The law clearly states that a case that was originally not removable may be removed after notice of an "order" making the case removable. There is no distinction in [the removal statute] between an "order" entered voluntarily on motion by any party or involuntarily by the court. It is inconsequential for the right to remove whether the "order" creating jurisdiction is voluntary or involuntary because [the removal statute] neither codifies an exception nor defines any kind of order.

**ECF No. 16** at 5. In the alternative, SAI urges this Court to determine that the inclusion of the diversity-defeating defendants in the state case supports a finding of fraudulent joinder. *Id.* at 10. SAI further argues that filing a motion for extension of time did not operate to waive its removal right because SAI did not act offensively or invoke state court jurisdiction. *Id.* at 12. SAI also notes the state court denied Caribe Chem's motion for reconsideration before the instant motion to remand was filed. *Id.* at 13.

In its reply, Caribe Chem defended the applicability of the voluntary-involuntary dismissal doctrine. **ECF No. 26** at 2-5. It argued, as well, that SAI waived fraudulent joinder as a basis for federal jurisdiction by omitting mention of the same in its notice of removal. *Id.* at 5.

### III. Legal Standard

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). When a case is not removable at the outset, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446 (b)(3). An improperly removed case may subsequently be again remanded to state court, on timely motion for any defect or otherwise at any time for lack of subject matter jurisdiction. *See generally* 28 U.S.C.A. § 1447.

### IV. Discussion

Caribe Chem, rightly, urges this Court to apply the so-called voluntary/involuntary dismissal rule here. While SAI and some courts find the same to be at odds with a plain reading of the removal statute, this Court disagrees. *Nunc incipimus*:

i. *The Voluntariness Distinction*

Per the voluntary/involuntary dismissal rule ("the rule"), "when a case is not removable at the time it is filed, but becomes facially removable at a later date because of the dismissal of a

non-diverse defendant, removal is authorized only if diversity results from a voluntary act of the plaintiff." *Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 229 (D. Mass. 2019) (citations omitted). "In other words, if the non-diverse defendant was dismissed from the case by the voluntary act of the plaintiff, the case is removable, but if not, then the case is not removable because the dismissal is still subject to review on appeal." *Id.* (internal quotations omitted). A dismissal becomes voluntary if an appeal is not filed within the prescribed time, or if the appeal process comes to an end. *See Maine Emps. Mut. Ins. Co. v. Yates Ins. Agency*, 52 F. Supp. 2d 135, 136 (D. Me. 1999); *Longden v. Philip Morris, Inc.*, 2003 WL 21975365, at *2 (D.N.H. Aug. 19, 2003) ("Because plaintiffs objected to dismissing TBI from the case, *and because the time for appealing Judge Smukler's summary judgment order has not yet run*, there has been no qualifying event, in the form of a voluntary act by plaintiffs, that would allow removal under § 1446(b).")

While seemingly simple, the rule has been the object of some scrutiny, mainly because it is judge-made and purportedly finds little or no direct support in § 1446(b)(3). [5] Nevertheless, sister Courts in Massachusetts, New Hampshire and Maine have favored the same. *See DaSilva v. Germany*, 2021 WL 210788, at *3 (D. Mass. Jan. 21, 2021); *Irabor*, 427 F. Supp. 3d at 229; *Longden*, 2003 WL 21975365, at *2; *Maine Emps. Mut. Ins. Co.*, 52 F. Supp. 2d at 136-137. On the flip side, at least one District Court outside the First Circuit has rejected to apply it. *See Bolger v. Utermohlen*, 485 F. Supp. 3d 588, 593-94 (E.D. Pa. 2020). *See also Lyon v. Illinois Cent. R. Co.*, 228 F. Supp. 810,

---

[5] The modern application of the voluntary/involuntary dismissal rule has likely often escaped appellate review because 28 U.S.C. § 1447(d) generally bars review of orders remanding removed cases to state court.

811 (S.D. Miss. 1964); *Parkhill Produce Co. v. Pecos Val. Southern Ry. Co.*, 196 F. Supp. 404 (S.D. Tex. 1961).

The First Circuit of Appeals has never rejected, applied, or otherwise upheld the application of the rule.[6] Still, the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeals have. *See Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38 (2d Cir. 1980); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162 (4th Cir. 1988); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967); *Davis v. McCourt*, 226 F.3d 506, 510 fn. 3 (6th Cir. 2000); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992); *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462, 464 (8th Cir. 1984); *California v. Keating*, 986 F.2d 346 (9th Cir. 1993); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir. 1979); *Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988). In the face of such a spate of good law (albeit not altogether recent), this Court is disinclined to buck the trend by rejecting to apply the voluntary/involuntary dismissal rule.

SAI concedes that Superior Angran and Angulo-Granda were dismissed by way of a court order and that dismissal did not result from a voluntary act of the plaintiff. Moreover, Caribe Chem removed the case before the time to appeal that order had expired. If Caribe Chem had waited and SAI had failed to appeal before the buzzer, the dismissal would have been rendered voluntary – but that's not what happened here. Furthermore, in light of the state court's order declaring itself to be without jurisdiction upon the filing of Caribe Chem's notice of removal, the

---

[6] In *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, the parties agreed on the rule's applicability. 765 F.3d 103, 108 (1st Cir. 2014). The First Circuit Court of Appeals therefore did not consider the same.

Court cannot find that the time to appeal has been allowed to run. **Accordingly, the voluntary/involuntary dismissal rule precludes removal of the above-captioned case and necessitates remand at this juncture.**

Nonetheless, SAI relies on the Eastern District of Pennsylvania District Court's decision in *Bolger* to argue that the Court should disregard the involuntariness of the diversity-defeating defendants' dismissal and deny remand. However, indulging SAI's argument to that effect would lead the Court into an untenable morass.

   ii. *The "Ascertain" Conundrum*

In *Bolger*, the Court held that the voluntary/involuntary dismissal rule must "yield to the plain language" of § 1446(b)(3). 485 F. Supp. 3d at 594. That statute states that a defendant may file a notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). Thus, interpreting § 1446(b)(3)'s "unambiguous" language,[7] the *Bolger* Court reasoned that an order creating diversity gives the defendant the right to remove regardless of the voluntariness of the dismissal, because the statute makes no such requirement. 485 F. Supp. 3d at 592.

---

[7] The Supreme Court has made clear that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *In re Hart*, 328 F.3d 45, 49 (1st Cir. 2003) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002)).

SAI and the *Bolger* Court center their analysis on the word "order" in § 1446(b)(3)'s text. Therein lies the chink in the armor of their position. Homing in on that word as the nucleus of § 1446(b)(3) leads the reviewer to the flawed proposition that a court order declaring diversity is all that is needed for removal under that statute. However, § 1446(b)(3) requires more than that: (1) *any* "amended pleading, motion, order or other paper" (2) "from which [removability] may *first* be *ascertained*." 28 U.S.C.A. § 1446(b)(3) (emphasis added). "Ascertain" meant "to find out or learn for a certainty, by trial, examination or experiment" in 1949, at the time the term was written into § 1446(b)(3). WEBSTER'S NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 160 (2d ed. 1942). Therefore, the inquiry SAI urges the Court to adopt necessarily includes looking beyond only the court order to all pertinent documents suitably in the record and asking at what time, and from which document, could the fact of removability first "be found out or learned for a certainty." *Id.* (tense modifications omitted). Indeed, "it is the earliest such pleading, not the latest, that triggers the 30-day period." 16 J. Moore et al., MOORE'S FEDERAL PRACTICE § 107.140[3][a], p. 107–370 (3d ed. 2019).

Applying the *Bolger* Court's and SAI's interpretation thus requires that the Court undertake the insoluble proposition of determining from which pleading, motion, order or even "other paper" in the state court case could removability first be "found out or learned for a certainty." *Id.* (tense modifications omitted). Such a labyrinthine endeavor would usher the Court down a series of incompatible paths. In short, following the *Bolger* Court's and SAI's interpretation of § 1446(b)(3) would induce the Court to reach the same muddled conclusions

which the voluntary/involuntary dismissal rule seeks to avoid. Indeed, under the *Bolger* Court's and SAI's interpretation, the Court could plausibly conclude that removability could have been potentially ascertained from the parties' motions to dismiss or even the original complaint itself. The Court is keen to avoid that imbroglio.

Following the proposed interpretation of § 1446(b)(3), the undersigned could find that SAI could determine removability at the time the complaint was served in the state case, because the same pleads no events after October 2018 and failed to plead Caribe Chem's December 2019 closure as a special damage. Seizing upon Caribe Chem's closure in December 2019 as the starting point for the Article 1802 one-year prescriptive period would thus be inappropriate. Indeed, under Puerto Rico law, special damages must be pleaded separately and with specificity in a complaint. *See* Rule 7.4 of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. tit. 32, Ap. V, R. 7.4; *Nieves Díaz v. González Massas*, 178 P.R. Dec. 820, 845 (2010); *Blás v. Hosp. Guadalupe,* 146 P. R. Dec. 267, 314-15 (1998); Q*ueen Bee, Inc. v. Guaynabo Prop. Devs.*, Inc., 2013 WL 3356981 (P.R. Cir. May 31, 2013). Even before any motions to dismiss were filed, SAI could have, taking the allegations in Caribe Chem's complaint, conducted a simple mathematical calculation to determine that the claims against the diversity-defeating defendants were clearly time-barred. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 996-997 (D. Nev. 2005) ("… the defendants are put on inquiry notice by the plaintiff's initial pleading and must inquire … the jurisdictional facts necessary to … petition to remove. It is a burden that rightly rests on the defendants because they are the ones who seek access to a court of limited jurisdiction"). Thus,

per the text of § 1446(b)(3), SAI could have ascertained removability from the filing of the complaint, as it was a pleading from which the fact of removability could first be found out or learned for a certainty.[8] Pursuant to that holding, remand would be appropriate, because the 30-day period to file for removal would have long expired before SAI removed the above-captioned case. [9]

The Court could also conclude that removability could first be ascertained from the motion to dismiss itself, if the grounds for dismissing the claims against Angulo-Granda and Superior Angran were determined to be well-settled in state law. In that scenario, remand would also be appropriate, because the 30-day period to file for removal would have similarly expired before SAI removed the above-captioned case.

If the grounds for dismissal were unsettled, the above-captioned would not yet be ripe for removal because the partial judgment entered in the state case is not enforceable and still subject to appellate review. *See Rivera v. Algarín,* 159 P.R. Dec. 482, 489 ("[A judgment] becomes unappealable upon the lapse of the term to appeal, if no appeal has been filed, or when the appellate proceedings come to an end. As a rule, when the judgment becomes unappealable, it also becomes enforceable; that is, it may be enforced.") Thus, because judicial fiat would be incomplete pending review or unappealability of the state court order, the above-captioned case

---

[8] In this line of reasoning, § 1446(b)(1), rather than § 1446(b)(3), would apply to this case because the suit was removable at its outset.

[9] Caribe Chem could have properly moved to remove at the get-go through the vehicle of fraudulent joinder – which will be explained later.

would accordingly not be removable. [10] *See Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 825 (E.D. Va. 2008); *Barron v. Werner Enterprises, Inc.*, 462 F. Supp. 2d 1217, 1219 (M.D. Ala. 2006); Wright, Miller & Cooper, 14 FEDERAL PRACTICE & PROCEDURE § 3723 (Rev. 4th ed.). The same is true when facing a removal stemming from an order issued by a lower state court on a question of unsettled law. Parallel proceedings would also be impermissible – reversal in state court would destroy diversity in federal proceedings. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) ("We are anxious to avoid this sort of yo-yo effect."); *Atlanta Shipping Corp. v. International Modular Housing, Inc.*, 547 F. Supp. 1356, 1360 n.8 (S.D. N.Y. 1982). The possibility of subsequent reversal would thus definitively make removal unascertainable.

The Court could issue its ruling based on one of the three aforementioned scenarios – none of which is free of its murky leaps and setbacks – though the end result (remand) would remain the same. However, it need not rely on such bounds of logic because, as the Court has already stated, the voluntary/involuntary dismissal rule provides the necessary respite of clarity.

Hence, the Court will follow the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeals and its sister courts in Massachusetts, New Hampshire and Maine in holding that the voluntary/involuntary dismissal rule governs here and necessitates remand of the above-captioned case. *See Quinn*, 616 F.2d 38; *Higgins*, 863 F.2d 1162; *Weems*, 380 F.2d 545; *Davis*, 226 F.3d at 510 fn. 3; *Poulos*, 959 F.2d 69; *In re Iowa Mfg. Co. of*

---

[10] Again, that Caribe Chem has not filed an appeal in the state case is inapposite. The state court declared itself to be without jurisdiction upon filing of SAI's notice of removal.

*Cedar Rapids, Iowa*, 747 F.2d at 464; *Keating*, 986 F.2d 346; *DeBry*, 601 F.2d at 488; *Insinga*, 845 F.2d 249; *DaSilva*, 2021 WL 210788 at *3; *Irabor*, 427 F. Supp. 3d at 229; *Longden*, 2003 WL 21975365, at *2; *Maine Emps. Mut. Ins. Co.*, 52 F. Supp. 2d at 137.

  iii.  *A Day Late and a Dollar Short*

Finally, SAI argues that the case should be remanded because the partial judgment entered in the state case supports a finding of fraudulent joinder. However, SAI raises this argument too late in the game – and, besides, does not raise it properly.

Per "the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).

A defendant must remove within 30 days from the date on which it can first discern that the joinder of a diversity defeating defendant is fraudulent. *See Poulos,* 959 F.2d at 73 fn. 4 ("In this case, [diverse defendant] could have discerned that the joinder of [forum defendant] was fraudulent when [plaintiff] served his complaint. [Diverse defendant] should have removed within 30 days following service of the complaint, not within 30 days following the entry of summary judgment.").[11] The burden of discerning removability rightly rests on the defendant

---

[11] The *Poulos* Court held that the 30-day term had been waived in that case. The undersigned makes no such holding here.

Case 3:20-cv-01547-ADC   Document 30   Filed 09/30/21   Page 14 of 15

Civil No. 20-1547(ADC)                                                                                                   Page 14

seeking diversity. *See id.*; *Knutson*, 358 F. Supp. 2d at 996–97; *Krantz v. Boneck*, 599 F. Supp. 785, 787 (D. Nev. 1984).

Assuming, *arguendo*, that Caribe Chem's joinder of Superior Angran and Angulo-Granda was, in fact, fraudulent, SAI could have discerned thusly upon service of Caribe Chem's complaint – or, at the latest, when the diversity defeating defendants filed their motions to dismiss. Ergo, at the time SAI filed its notice of removal, removal on the basis of fraudulent joinder was untimely.[12]

More to the point, a party removing on grounds of fraudulent joinder must specify those grounds in the notice of removal. *See* 28 U.S.C. § 1446(a) ("A defendant … desiring to remove any civil action from a State court shall file … a notice of removal … *containing a short and plain statement of the grounds for removal …*" (emphasis added)); Wright, Miller & Cooper, 14C FEDERAL PRACTICE & PROCEDURE § 3723.1(Rev. 4th ed.). Indeed, "[if] a defendant fails to raise a substantive ground for removal in its notice of removal or does not file an amendment raising that issue within thirty days, that basis for removal is waived." *Warner v. Midnight Recovery, Inc.*, No. 3:19-CV-00453-RGJ, 2020 WL 1105111, at *4 (W.D. Ky. Mar. 6, 2020). A defendant is barred from arguing a new substantive ground for removal, such as fraudulent joinder,[13] on opposition to a motion to remand. *See Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008).

---

[12] This finding was discussed in detail in the previous section.
[13] Fraudulent joinder is a substantive basis for removal. *See Tincher v. Ins. Co. of State of Pennsylvania*, 268 F. Supp. 2d 666, 667 (E.D. Va. 2003).

SAI's notice of removal does not state fraudulent joinder as a basis for removal. **ECF No. 1.** Instead, SAI merely proclaims diversity of citizenship as a key or ticket to this Court's limited jurisdiction. *Id.* As such, SAI waived fraudulent joinder as a ground for removal, because substantive grounds for removal must be properly raised in the notice of removal.

Remand is thus appropriate.

### V.     Conclusion

Based on the above, Caribe Chem's motion to remand (**ECF No. 9**) is **GRANTED**. Accordingly, the Clerk of Court shall take notice and remand the above captioned case to State Court.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September 2021.

                                                                                                **S/AIDA M. DELGADO-COLÓN**
                                                                                                **United States District Judge**